# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 5:07-CV-19-DCK

| | |
|---|---|
| MARCUS D. West, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion for Summary Judgment" (Document No. 14) and "... Brief Supporting Motion for Summary Judgment" (Document No. 15), filed August 20, 2007; and the Defendant's "Motion for Summary Judgment" (Document No.16) and "Memorandum in Support Of The Commissioner's Decision" (Document No. 17), filed October 15, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is now ripe for disposition.

Having carefully considered the written arguments, administrative record, and applicable authority, the undersigned finds that substantial evidence supports the Commissioner's decision to deny Plaintiff Social Security disability benefits. Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Defendant's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On May 19, 2003, Plaintiff applied for a period of disability, Social Security disability insurance benefits and Supplemental Security Income, alleging that he became disabled on November 5, 2001, as a result of problems associated with his right foot, asthma, chronic bronchitis, and arthritis. (Tr. 54, 212). Plaintiff's claim was denied initially and then again on reconsideration. (Tr. 40, 46). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 4, 2006. (Tr. 48). On May 5, 2006, the ALJ issued an opinion denying Plaintiff's claim. (Tr. 15).

Subsequently, Plaintiff filed a "Request for Review of Hearing Decision/Order." (Tr. 14, 228-30). On January 19, 2007, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 8-10).

Plaintiff filed his "Complaint" (Document No. 2) with this Court on February 20, 2007, seeking review of the findings and determinations of the Commissioner and remand of this case for another hearing. The parties filed cross-motions for summary judgment on August 20, 2007 and October 15, 2007 (Document Nos. 14 and 16) which are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as being "more than a scintilla and do[ing] more than creat[ing] a

2

suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion"). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to December 31, 2005, the Plaintiff became "disabled" as that term is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from right metatarsal degeneration/an episode of osteomyelitis, history of shoulder area injury, cervical disc disease, and recent ulnar neuropathy, all of which are "severe" impairments within the regulatory

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . . Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21). Furthermore, the ALJ found that Plaintiff "has the residual functional capacity ("RFC") to lift 10 pounds frequently and 20 pounds occasionally, stand/walk 1 hour at a time (4 hours a day), and sit 6 hours, with no overhead reaching with the right upper extremity or continuous bimanual fine fingering." Id. Although the ALJ found that Plaintiff could not perform any past relevant work, based on Plaintiff's age, education, and work experience, the ALJ concluded that Plaintiff could perform light work. (Tr. 26-27). With the assistance of a vocational expert ("VE"), the ALJ determined that other work existed in the national economy that Plaintiff could perform. Id. Accordingly, the ALJ concluded that Plaintiff did not qualify as disabled for Social Security purposes. Id.

After the ALJ's "Notice Of Decision - Unfavorable" on May 5, 2006, Plaintiff requested that the Appeals Council of the Social Security Administration ("the Appeals Council") review the decision of the ALJ. (Tr. 14, 228-30). Along with his "Request for Review of Hearing Decision/Order," Plaintiff submitted updated treatment records for the Appeals Council's consideration that he "expected to provide new and material evidence that will demonstrate to the Appeals Council that the ALJ's unfavorable decision is unsupported by substantial evidence." (Tr. 229) The additional evidence included medical records and notes from Plaintiff's treating physician, Dr. James E. Stanislaw of Carolina Orthopaedic Specialists, covering the period January 10, 2007 - July 28, 2006. (Tr. 231-237). Dr. Stanislaw's notes of July 28, 2006, briefly describe Plaintiff's condition and recommends a treatment plan:

> medical intervention for the peripheral neuropathy is not working and it may be in fact the neuropathy is exacerbated by carpal tunnel. The carpal tunnel is not showing up due to the severe neuropathy and so in this regard given the increasing pain, paresthesias, loss of

4

> coordination and grip, I have offered the patient a carpal tunnel decompression of the left hand with the possibility, but not the guarantee, that this may improve his symptoms. ... We will proceed with a carpal tunnel decompression of the left hand at the earliest available convenience.

(Tr. 232).

The Appeals Council considered Plaintiff's additional evidence and made it part of the record, but on January 19, 2007, denied the request for review. (Tr. 8-11). Upon that denial, the ALJ's decision became the final decision of the Commissioner.

On appeal to this Court, Plaintiff contends that the ALJ erred in evaluating the credibility of Plaintiff's symptom allegations regarding the use of his hands by failing to ground his finding in evidence in the case record. (Document No. 15 at 5-6). Plaintiff also contends that the additional evidence "submitted to the ALJ after the hearing, and to the Appeals Council on appeal, reveals that the ALJ's credibility finding is not supported by the evidence." (Document No. 15 at 6). The undersigned disagrees.

The major issue now before the Court is the effect of the additional evidence presented to the Appeals Council after the ALJ's decision.

> The Appeals Council must consider evidence submitted with the request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period before the date of the ALJ's decision.' Evidence is new ... if it is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome.

Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (internal citations omitted); see also, Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985).

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the

5

> new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b) (2008).

In the instant case, the Appeals Council "considered the reasons [Plaintiff] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council ... [and] found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 8-9).

"Where the Appeals Council considered the new evidence, but denied review, the Fourth Circuit requires that reviewing courts consider the record as a whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence." Bryant v. Barnhart, 2005 WL 1804423 at *3 (W.D.Va. 2005) citing Wilkins 953 F.2d at 96. Where, as here, the Appeals Council declines to articulate its assessment of the additional evidence considered, the district court in its substantial evidence review is faced with deciding whether the Commissioner should "explicitly consider the additional evidence" or whether the decision of the Commissioner was supported by substantial evidence. Bryant, 2005 WL 1804423 at *5. "[T]he proper course of action is to consider the entire administrative record, including the new evidence received by the Appeals Council, and determine if the decision of the ALJ was supported by substantial evidence." King v Barnhart, 415 F.Supp.2d 607, 612 (E.D.N.C. 2005). A remand to the Commissioner may be necessary where the additional evidence is "conflicting," or presents "material competing testimony," is "contradictory" or "calls into doubt any decision grounded in the prior medical reports." Bryant, 2005 WL 1804423 at *5.

6

The additional evidence presented in this case is not significantly, if at all, contradictory to or conflicting with the evidence considered by the ALJ on the question of whether Plaintiff was disabled between November 4, 2001 and December 31, 2005. The additional evidence may not even be "new" in that it could be considered cumulative or duplicative. Wilkins, 953 F.2d at 96.

The ALJ heard testimony on January 4, 2006, from the Plaintiff and a vocational expert and was thus informed of Plaintiff's condition through December 31, 2005. On the evidence before him, the ALJ concluded that Plaintiff did indeed suffer severe impairments, including ulnar neuropathy. (Tr. 20). The ALJ specifically considered evidence related to Plaintiff's left hand: "[o]n December 20, 2005 ... physical examination showed ... decreased sensation, grip, and weakness in the 4th and 5th fingers of the left hand"... "[a]s for his ulnar neuropathy, he claimed no grip at all ...[h]owever, this developed only in late 2005 and was only diagnosed in December 2005 ... and will probably not meet the 12-month duration requirement after therapy or other treatment." (Tr. 23-25).

The "additional evidence" considered by the Appeals Council, but not the ALJ, consists of five medical records for the period of January 10, 2006 - July 28, 2006. (Tr. 232-237). The most pertinent additional evidence, from July 28, 2006, seven (7) months after the relevant time period, states that the Plaintiff's neuropathy *may* be exacerbated by carpal tunnel. (Tr. 232). Dr. Stanislaw's recommendation suggests that carpal tunnel and/or the severe neuropathy is, at that time, causing Plaintiff increasing pain, paresthesias, loss of coordination and grip. Id. Plaintiff's symptoms, although possibly worse several months after the ALJ review, do not conflict with, contradict, or cast doubt on the ALJ decision based on medical records and Plaintiff's testimony at the time of his decision. Weakness, pain, loss of coordination and problems with grip with Plaintiff's left hand were all considered by the ALJ. As discussed above, the ALJ had heard testimony from the Plaintiff

7

that he had no grip in his left hand, and considered medical notes from December 2005, showing that Plaintiff had decreased grip strength in the left hand and progressive weakness and numbness in his left hand as well as in the fourth and fifth fingers of that hand. (Tr. 23-25, 204, 247).

At most, the additional evidence from Dr. Stanislaw suggests that carpal tunnel and ulnar neuropathy are causing Plaintiff's symptoms - it does not suggest that the symptoms themselves are materially different enough to cause the ALJ to change his assessment of Plaintiff's condition through December 2005.

Even if the additional evidence is considered new, it is not material. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or the subsequent deterioration of the previous non-disabling condition." Moats v. Barnhart, 2006 WL 1134078 at *7 (W.D.Va. 2006) citing Szubak v. Sec'y, Dep't Health & Human Servs., 745 F.2d 831, 833 (3d Cir.1984). It appears here that any change in Plaintiff's condition is the "subsequent deterioration of the previous non-disabling condition." Id. Defendant argues that the "additional evidence does not show that Plaintiff's functional abilities are more restricted than found by the ALJ and, therefore, it cannot be deemed new or material." (Document No. 17 at 8). The evidence supports Defendant's position.

Plaintiff's additional evidence also does not call into doubt the ALJ's assessment of Plaintiff's RFC. In assessing the Plaintiff's RFC, the record shows that the ALJ found that Plaintiff's "ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations." (Tr. 26). The ALJ then asked the VE to list jobs that Plaintiff could perform "[t]o determine the extent to which these limitations erode[d] the unskilled light occupational base." The ALJ couched his question to the VE with this hypothetical.

> Consider this possible situation. If we had a person who's . . . 49 . . . has a high school level education and has the work history described in the record. Assume the individual is restricted to light lifting of 10 pounds frequently, 20 pounds occasionally. Is able to stand and walk only part of the workday four hours at the most and that would be intermittent one hour at a time. Sitting is not restricted. He's not able to reach overhead with the right arm and there is some recent testimony of a new problem with the left upper extremity although there is no evidence on that yet. Assume that the person . . . is not able to use both hands for bimanual activities involving fine dexterity. He can do it but not continuously throughout the workday. Would be limited to two-thirds of the workday at the most. Is generally able to grasp and handle objects however. Especially using the unimpaired right and dominant extremity for grasping and handling. With those limitations can you identify jobs that such a person could do give the age, education and work experience?

(Tr. 262). In response to the hypothetical, the VE testified that there were at least three jobs that Plaintiff could perform. Id. Based on this testimony and the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that a finding of "not disabled" was appropriate. (Tr. 27). The additional evidence presented does not suggest that the ALJ would reach a different finding if he had that evidence before him, especially since the ALJ's query of the VE accounted for a severely impaired left extremity.

Furthermore, because the additional evidence does not appear to be significantly new or material, the undersigned does not find that it would change the ALJ's assessment of Plaintiff's credibility. The ALJ's evaluation of credibility was based on substantial evidence and the undersigned does not find that it was erroneous.

Considering the record as a whole, including the additional evidence, the undersigned finds that the ALJ's determination was supported by substantial evidence. See Bowles v. Barnhart, 392 F.Supp.2d 738, 746-47 (W.D.Va. 2005). Furthermore, the undersigned agrees with the Appeals Council that the additional evidence presented after the ALJ's determination does not provide a basis

for remanding this case to the ALJ for further consideration. Plaintiff has failed to show a reasonable possibility that the additional information would change the ALJ's decision. Moats v. Barnhart, 2006 WL 1134078 at *7. Review of the complete record fails to document the existence of any condition, in the relevant time period in which disability was claimed, "which would reasonably be expected to result in total disability for all forms of substantial gainful employment." Id. "Plaintiff may choose to file a new Social Security application if [he] feels that [he] now meets the requirements of disability. Id., citing 20 C.F.R. § 404.620(a)(2).

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

Plaintiffs "Motion for Summary Judgment" (Document No. 14) is **DENIED**;

Defendant's "Motion for Summary Judgment (Document No. 16) is **GRANTED**;

and the Commissioner's decision **AFFIRMED**.

Signed: April 11, 2008

David C. Keesler
United States Magistrate Judge